Argued and submitted February 21, reversed and remanded with instructions April 16, reconsideration denied June 20, petition for review denied July 29, 1986 (301 Or 445)

## KILGORE,
*Respondent - Cross-Appellant,*

*v.*

## SULLIVAN et al,
*Appellants - Cross-Respondents.*

(101250; CA A34738)

717 P2d 1220

Malcolm L. Brand, Salem, argued the cause for appellants -

cross-respondents. With him on the brief was Paulus, Rhoten, Brand, Lien & McDonough, Salem.

Albert P. Depenbrock, Salem, argued the cause for respondent - cross-appellant. With him on the brief was Depenbrock and Wilson, P.C., Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Plaintiff commenced this action for an accounting, alleging that he and defendant Sullivan[1] had formed a partnership, which Sullivan terminated in 1973. Plaintiff contended that he was entitled to one-half of the assets of the corporation which succeeded the partnership in the operation of the business, Kilroy's Mobile Sales. The trial was bifurcated. The trial court first held a trial to determine whether a partnership had existed. It determined that there was no partnership and that plaintiff was only an employe of Kilroy's. The next trial was on plaintiff's alternative claim for money owed him by defendants' business and on defendants' counterclaim for business property which plaintiff converted to his own use. The trial court, sitting without a jury, entered a judgment for plaintiff in the amount of $22,215.50, plus prejudgment interest from February 26, 1973. Defendants appeal from the judgment, claiming that the trial court made a mathematical error in computing the judgment. Plaintiff cross-appeals, claiming that the trial court erred in holding that there was no partnership and in failing to enter a judgment for him in the amount of one-half the net value of the business.

We first consider the cross-appeal. Plaintiff and Sullivan began to operate a used auto sales business in 1967. The business later expanded to include the sale of mobile homes, insurance and real estate. Sullivan supplied the initial capital, and plaintiff worked full-time for the business. Plaintiff was paid a monthly salary for his work and was listed in the books and with the Workers' Compensation Department as an employe. Defendants Sullivan filed a certificate with the Corporation Commissioner to register the name "Kilroy's Auto Sales" as an assumed business name and listed only themselves as the parties in interest. The Sullivans' joint income tax returns reported the profits from the business as being from a sole proprietorship. Plaintiff did not report any of the business finances in his returns, but only reported his

---

[1] Plaintiff named Mr. and Mrs. Sullivan as defendants, in addition to other persons who have a present interest in the business. The judgment was entered against all defendants. Plaintiff alleged that the partnership was formed with Mr. Sullivan alone. We shall refer to all defendants as "defendants," to Mr. and Mrs. Sullivan as "defendants Sullivan" and to Mr. Sullivan as "Sullivan."

salary and bonuses as income. In addition, defendants Sullivan signed all of the important contracts for the business. Sullivan began to participate in the daily operations as the business expanded and became more successful and gave himself credit for a salary equal to plaintiff's before he calculated the business' profits.

Both parties testified that they agreed that plaintiff was to share in the business to the extent of 50 percent of the net profits, but they differed as to the characterization of those payments. Sullivan testified that they were manager's bonuses, and he treated them on his income tax return as expenses of the business. Plaintiff characterized them as partnership distributions. Plaintiff testified that he and Sullivan had agreed to be partners and had so held themselves out to the public and that they had agreed to share profits and losses equally. Plaintiff produced other witnesses, including past employes of the business and people who had dealt with the business, who testified that they thought it was operated as a partnership between plaintiff and Sullivan.

■■ We next consider the claims and counterclaims for money owed to each party. Plaintiff claimed that he was entitled to 50 percent of the business' profits for 1967 to 1973. Plaintiff's computation indicates that his claim is essentially for one-half of the net asset value of the business in 1973. He is not entitled to that, because he was not a partner. Defendants conceded that they owed plaintiff $11,078.60, which represents 50 percent of the business' profits which were not distributed to plaintiff as bonuses; plaintiff does not dispute that that is the amount of the bonuses due, and the trial court correctly credited plaintiff with that amount in the judgment.

■ Defendants counterclaimed for money and personal property which plaintiff allegedly converted to his own use when he left the business. Plaintiff admitted that he took $10,136.90 from two bank accounts maintained for the insurance and realty aspects of the business. He claimed that he was entitled to those sums as part of his share in the partnership; that claim is groundless. He also argued that he is entitled to the funds, which were commissions from the sale of insurance and realty, because he was the only person in the business licensed to sell insurance and real estate. That is irrelevant, because the insurance and real estate sales were

part of defendants' business. Defendants were entitled to a set-off in the amount of money plaintiff converted to his own benefit. Plaintiff properly paid $1,043.11 to an insurance carrier for cancelled insurance policies. That amount should be deducted from the $10,136.90[2] which plaintiff converted, to leave a net set-off for the money converted of $9,093.79.

Defendants also counterclaimed for the value of many items of personal property belonging to the business which they alleged that plaintiff converted to his own use. Defendants' evidence established that the property was valued at $5,765.00. Plaintiff did not dispute that he took at least some of it, but he argues on appeal that he produced documentary evidence to dispute the value of the property. Plaintiff incorporated a document in his appellate brief, but it was not introduced in evidence. There is no evidence in the record that controverts defendants' valuation of the property taken. Because plaintiff offered no evidence to dispute the fact that he took the property or to controvert defendants' valuation, defendants are entitled to recover the full amount of their counterclaim, $5,765.00.

In summary, plaintiff is entitled to recover $11,078.60 as the bonus which defendants concede that he is owed. That amount is offset by the $10,136.90 in cash and the $5,765.00 in property which plaintiff converted, less the $1,043.11 which plaintiff paid the insurer for cancelled policies. Defendants are entitled to a net judgment of $3,780.19.[3]

Reversed and remanded on appeal with instructions to enter a judgment for defendants in the amount of $3,780.19; affirmed on cross-appeal.

---

[2] The trial court arrived at the judgment of $22,215.50 by *adding* $11,136.90 (the actual figure should have been $10,136.90) for the insurance and realty funds plaintiff allegedly converted to the $11,078.60 bonus plaintiff is entitled to receive, instead of subtracting that amount. The trial court did not make any finding with respect to defendants' other counterclaim for conversion of personal property.

[3] Defendants also argue that they are entitled to $4,898 for a garage which the business constructed on plaintiff's real property to serve the business. That was not pled as a counterclaim, and we do not consider it.